T.C. Summary Opinion 2005-173


UNITED STATES TAX COURT


KEITH LAMAR JONES, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 6936-04S.            Filed November 29, 2005.


Keith Lamar Jones, pro se.

<u>William J. Gregg</u>, for respondent.


PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal

Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's Federal income tax for the taxable year 2001 of $3,036.80. The sole issue for decision is whether petitioner is liable under section 72(t) for the 10-percent additional tax on an early distribution from a section 401(k) qualified retirement plan.

Background

Some of the facts have been stipulated, and they are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time of filing his petition, petitioner resided in Tucson, Arizona.

Petitioner was employed as an accountant by Deloitte & Touche (Deloitte), an accounting firm, where he participated in the Deloitte section 401(k) qualified retirement plan (401(k) plan). Petitioner resigned from Deloitte in September 1999, to begin full-time studies in a Ph.D. program at the University of Arizona; he graduated in May 2004. In 2001, petitioner received a distribution of $30,368.86 from the 401(k) plan. He used the funds from the distribution to pay school expenses and to purchase his first home. At the time of the distribution petitioner had not reached 59½ years of age.[1]

---

[1] There are no facts in this record indicating that any of the other exceptions apply as set forth in sec. 72(t)(2)(A).

Petitioner timely filed a Form 1040, U.S. Individual Income Tax Return, for 2001. Chase Manhattan Bank issued to petitioner a Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., showing a gross and taxable distribution from his 401(k) plan for 2001 of $30,368.86. Petitioner included the $30,368.86 distribution as income on his return but did not report the additional tax for an early distribution under section 72(t). In the notice of deficiency, respondent determined that petitioner was liable for a 10-percent additional tax on the early 401(k) plan distribution pursuant to section 72(t).

Discussion

Taxpayers generally bear the burden of proving the Commissioner's determinations are incorrect. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). The burden as to a factual issue relevant to the liability for tax may shift to the Commissioner if the taxpayer introduces credible evidence and satisfies the requirement to substantiate items. Sec. 7491(a)(2)(A). The facts are not in dispute in this case, and section 7491(a) has no bearing in this case.

Section 72(t)(1) imposes an additional tax on an early distribution from qualified retirement plans equal to 10 percent

of the portion of such amount that is includable in gross income.

Section 72(t)(2)(E) provides that the additional tax on early distributions does not apply to "Distributions to an individual from an individual retirement plan to the extent such distributions do not exceed the qualified higher education expenses * * * of the taxpayer for the taxable year." An individual retirement plan is commonly referred to as an IRA. Section 72(t)(2)(F) provides, in relevant part, an exception to the 10-percent additional tax for distributions to an individual from an IRA which are qualified first-time home buyer distributions. A "qualified first-time home buyer distribution" is any payment or distribution received by an individual to the extent such payment or distribution is used by the individual to pay qualified acquisition costs with respect to a principal residence of a first-time home buyer who is such individual. Sec. 72(t)(8)(A).[2]

An IRA is defined as: "(A) an individual retirement account described in section 408(a), and (B) an individual retirement annuity described in section 408(b)." Sec. 7701(a)(37). Retirement plans qualified under section 401(a) and 401(k) are not included in the definition of "individual retirement plan,"

---

[2] There is a lifetime limitation of $10,000 pursuant to sec. 72(t)(8)(B).

under section 7701(a)(37). The qualified retirement plan from which petitioner withdrew the $30,368.86 is a plan described in section 401(k), and therefore the exceptions contained in section 72(t)(2)(E) and (F), regarding higher education expenses and first-time home purchases respectively, do not apply. Petitioner's 401(k) plan is not an IRA as described by the exceptions in section 72(t)(2)(E) and (F).

Petitioner's assertion that he was informed that he could have transferred the funds from the 401(k) plan to an IRA, that the funds were left in the 401(k) plan for 2 years without petitioner's making any contributions, and that the difference between a 401(k) plan and an IRA is a matter of form, does not change the fact that the amount received by petitioner was not a distribution from an IRA.

We recognize that the differences between a qualified retirement plan and an IRA are highly technical. To this extent, we sympathize with petitioner's confusion. Regarding section 72(t), this Court has repeatedly held that it is bound by the statutory exceptions enumerated in section 72(t)(2). See, e.g., Arnold v. Commissioner, 111 T.C. 250, 255-256 (1998); Schoof v. Commissioner, 110 T.C. 1, 11 (1998).

Accordingly, respondent's determination that petitioner is liable for the 10-percent additional tax is sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

Decision will be entered for respondent.